**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHNNY L. YOUNG, JR.                                                                                    PLAINTIFF

V.                                        5:16CV00286-JM-JTK

TASHA CLARK, et al.                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

Plaintiff Johnny Young is an inmate confined at the W.C. "Dub" Brassell Adult Detention Center (Jail). He filed this pro se 42 U.S.C. § 1983 action against Defendants, seeking compensation for the denial of breakfast on July 12, 2016.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Facts and Analysis

In his Complaint, Plaintiff alleges that on July 12, 2016, he was one of the last four detainees in line for breakfast when the kitchen ran out of trays. (Doc. No. 2, p. 4) He told the officers who were present about the situation and they notified Defendant Clark, the night shift sergeant, and Defendant Jones, the kitchen supervisor. (Id.) However, they both said the kitchen was closed and refused to fix any more food. (Id.) When Plaintiff notified Defendant Adams, he did nothing to correct the problem, and Defendant Bolin never attempted to correct the situation or reprimand the employees involved. (Id., p. 5). Plaintiff asks the Court to award him compensation for "unneccessary suffering and wrong." (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff states he was incarcerated as a pretrial detainee (Doc. No. 2, p. 3);

3

therefore, the Court will analyze his claims as those pursued by a pretrial detainee, under the Fourteenth Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). The constitution requires that an inmate be provided "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of inmates who consume it." French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard, focusing on the length of time of exposure to the allegedly unconstitutional conditions. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id., (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations

4

omitted.)) In Ware v. Arnold, this Court held that an inmate who alleged that on one occasion he received a meal with a hair in it, failed to state a claim upon which relief was granted, because he did not allege the denial of minimal civilized measures of life's necessities. No. 3:10-cv-00070-DPM-JTK, 2010 WL 2867855 (E.D.Ark.). In Wilkins v. Roper, the court held that an inmate's allegation that he was denied a food tray for one meal failed to state a claim. 843 F.Supp. 1327, 1328 (E.D.Mo. 1994). Finally, in James v. Woody, the Court held that an inmate who complained about receiving sour milk with one meal failed to state a constitutional claim. No. 7:02-CV-234-R, 2002 WL 32359944 (N.D.Tex.)

Based on this case law, the Court finds that Plaintiff's allegations against Defendants should be dismissed, for failure to state an Eighth Amendment claim for relief. Although Defendants' alleged refusal to fix additional trays for the remaining inmates is unacceptable to this Court, it does not translate as unconstitutional, as it does not support a finding that Plaintiff was denied the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. at 347. In addition, Plaintiff does not allege he suffered any injury or adverse health consequences.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's Complaint against Defendants be DISMISSED with prejudice, for failure to state a claim upon which relief may be granted.

    2.       This dismissal constitute a "strike" within the meaning of the PLRA.[1]

    3.       The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 21st day of September, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.